UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/10/09

UNITED STATES OF AMERICA,

-v-

BRIAN M. McLAUGHLIN,

                Defendant.

No. 06 Cr. 965 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    By order dated November 30, 2009, the Court directed the parties to respond to a letter submitted to the Court by Ben Weiser, Staff Reporter for the *New York Times*, requesting that the Court "release the entire 5k letter . . . without redactions" in the above-captioned matter. The Court is now in receipt of a letter submitted on behalf of the government, dated December 4, 2009, as well as a letter submitted on behalf of Defendant, also dated December 4, 2009.

    As an initial matter, notwithstanding the Court's multiple orders on the subject, the government continues to overlook the applicable standard of law. As previously noted by the Court, "[t]he public has a common law presumptive right of access to judicial documents, and likely a constitutional one as well." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139 (2d Cir. 2004). There is no dispute that the 5K letter, submitted in connection with Defendant's sentencing, constitutes a "judicial document." *Cf. United States v. Sattar*, 471 F. Supp. 2d 380, 385 (S.D.N.Y. 2006). Accordingly, the Court has found that the public has a presumptive right of access to the 5K letter.

    The government's letter "direct[s] the Court's attention" to a recent Second Circuit decision, *In the Matter of the Application of the New York Times Company to Unseal Wiretap & Search Warrant Materials*, 577 F.3d 401, 409-11 (2d Cir. 2009), which, the government represents, "discusses some of the same legal principles on which the Government has relied in

support of our position on this issue." Such reliance is misplaced. That decision found that no right of access attaches to wiretap applications made pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2518(8)(b). The Circuit held that the statutory text of Title III superseded any common law right of access, and that no First Amendment right of access attached under the applicable "experience" and "logic" test derived from the Supreme Court's decision in *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) and its progeny.

Here, by contrast, the document at issue is not a wiretap application, but a 5K letter submitted by the government in connection with Defendant's sentencing. No statute exists that supersedes the public's common law right of access to this document. And the Second Circuit has already held that a right of access attaches under the First Amendment to sentencing proceedings. *See United States v. Alcantara*, 396 F.3d 189, 199 (2d Cir. 2005). Accordingly, the question is not whether a right of access attaches, but given that a right of access *does* attach, whether the government has met its burden in articulating why the Court should not make an unredacted version of the 5K letter publicly available. On this point, the standard is not, as the government appears to argue, one in which the public or the Court must articulate some "public purpose" to justify disclosing the letter. Rather, it is the parties' burden to demonstrate why the right of access should not attach. For example, the right of access "'may give way in certain cases to other rights or interests, such as . . . the government's interest in inhibiting disclosure of sensitive information.'" *United States v. Doe*, 63 F.3d 121, 127 (2d Cir. 1995) (quoting *Waller v. Georgia*, 467 U.S. 39, 45 (1984)); *see also United States v. Cojab*, 996 F.2d 1404, 1408 (2d Cir. 1993) (recognizing, as a sufficient reason for sealing a judicial document, "those occasions where an ongoing government investigation may be jeopardized or where publicity might put at

2

risk the lives or safety of government agents engaged in undercover activities"). The Second Circuit has also acknowledged that the privacy interests of individuals must also be considered in weighing the public's right of access. *Doe*, 63 F.3d at 127 (citing *United States v. Haller*, 837 F.2d 84, 88 (2d Cir. 1988)).

Applying this standard, the Court finds that the redactions located on pages seven and ten through thirteen of the 5K letter, previously identified by the government as R.1, R.6, R.7, R.8, and R.9, shall remain in place. The Court further finds that the redactions located on pages eight through ten of the 5K letter, previously identified by the government as R.2, R.4, and R.5, shall be lifted.[1] The government is HEREBY ORDERED to provide the Court with a letter, to be *received* no later than Wednesday, December 16, 2009, explaining why the remaining redaction, R.3, shall remain in place under the appropriate standard. The government's December 4, 2009 letter and Defendant's December 4, 2009 letter shall remain under seal at this time.

SO ORDERED.

Dated: December 10, 2009
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the public's right of access here is not defeated by the government's representation that others have indicated to Defendant that they are aware of his cooperation. The government's 5K letter, with only minor redactions, has been publicly docketed, and makes the fact of Defendant's cooperation with the government readily apparent. The fact that Defendant has cooperated with the government has also been discussed openly at public proceedings, the transcripts of which are unsealed and have been widely reported by the press. As such, the Court finds that the government has not articulated any basis for the proposition that disclosure of the enumerated redactions (R.2, R.4, and R.5) will pose any increased or particularized threat to Defendant's safety. To the extent the government is aware of any such threat, the government shall take all steps necessary to assure Defendant's safety, including, *inter alia*, application to the Witness Security Program.

3